Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE—Reported at 387 N.E.2d 440.

DONALD W. WEBSTER *v.* STATE OF INDIANA

[No. 578S98. Filed December 21, 1978.]

*Harriette Bailey Conn*, [*Mrs.*], Public Defender of Indiana, *Marcia L. Dumond*, Deputy Public Defender, *David P. Freund*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Alembert W. Brayton*, Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was tried before a jury on charges of armed robbery, robbery, and theft. He was convicted of all three counts and was sentenced to concurrent terms of 20 years for armed robbery, 10 to 20 years for robbery, and one to ten years for theft.

The evidence shows that on the night of August 31, 1977, Wayne Willison was in his home near Brazil, Indiana, watching television. Suddenly two men entered his house, one carrying a gun. The man with the gun demanded Willison's wallet, while the other left to rummage the house. Willison was taken to his bedroom and to the basement to

find his wallet, but was not injured by the intruders. When they left, he discovered numerous items missing, among them a total of $850, a television, a pistol, a box of shells, a drawer from a chest, his son's class ring, another ring and bracelet, and several necklaces.

On September 12, 1977, appellant was brought before the court for arraignment. The charges were read to him, and he was advised of his constitutional rights. Appellant informed the court that he wished to employ his own attorney. The court thereupon continued the cause until September 19 and told appellant it was his duty to have his attorney present and arrange to have a plea entered. On September 19, 1977, appellant came to court without his attorney. Upon questioning by the court, he said that he wanted to plead not guilty but that he wanted to wait until his attorney was present. The court at that point entered, pursuant to IC § 35-4.1-1-1 [Burns 1975], a plea of not guilty for the appellant. On October 18, 1977, appellant filed a motion to set aside the plea. He now contends the overruling of this motion was reversible error.

Under IC § 35-4.1-1-1, the trial court is compelled to enter a plea of not guilty if the defendant stands mute or refuses to plead. The trial court herein properly entered the plea. The court may, in its discretion, allow the defendant to withdraw his plea of not guilty for good cause shown. IC § 35-4.1-1-6(a) [Burns Supp. 1978]. Appellant argues there was good cause here since he was entitled to a dismissal of the charge on the ground that the prosecutor had not signed the information. However, the record shows that the prosecutor in fact signed the information. Appellant then argues he had a right to have his attorney present when he entered the plea. The argument has no merit. The trial court entered the plea pursuant to the legal authority of a statute. See also *Dickens v. State*, (1973) 260 Ind. 284, 295 N.E.2d 613. Furthermore, it might also be noted that the motion to set aside fails to state facts showing in what respect appellant's substantial rights would have been prejudiced if the motion were denied. IC § 35-4.1-1-6(a). Appellant's motion merely states the conclusion that his substantial rights would be prejudiced. Under such circumstances, the trial court committed no error in overruling the motion to set aside the plea.

Appellant next argues the trial court erred in overruling his motion for change of venue since allegedly there was bias and prejudice in the

county against blacks. The ruling on a motion for a change of venue for cause lies within the sound discretion of the trial court and will be reversed only if an abuse of such discretion is shown. *McFarland v. State*, (1975) 263 Ind. 657, 336 N.E.2d 824. Here, we can find no abuse of discretion. Contrary to the appellant's assertions, the record reveals no discernible bias or prejudice against blacks. The court's bailiff for 19 years testified that jurors are selected at random without regard to race; that blacks have not been systematically excluded from juries in Clay County; and that there has never been a deliberate or intentional effort to exclude blacks from jury service. The trial court correctly overruled the motion for change of venue.

Police officers procured a search warrant to search appellant's apartment for a number of items. In the course of the search, an officer observed the desk drawer taken from the victim's home. Appellant contends the search warrant was invalid because it does not contain facts showing the informant's credibility and, therefore, it was error to admit in evidence the drawer and its contents. The affidavit to the warrant describes with particularity six items at which the search would be directed. The apartment to be searched was described in detail. The affidavit then states that one Margaret Walker, a friend of appellant and regular visitor to his apartment, had found in that apartment three items which, when turned over to the police, were positively identified as articles taken during the commission of a rape on September 5, 1977.

It is well established that a statement in an affidavit declaring that the informant has previously supplied valid information is sufficient to satisfy the statutory requirement of facts as to the credibility of the informant. *Hoskins v. State*, (1977) 174 Ind.App. 475, 367 N.E.2d 1388. Here, the affidavit to the search warrant recites the facts stated above which are sufficient to establish her reliability as an informant. Under these conditions, the search warrant cannot be said to be invalid. Hence, when the officers lawfully entered the apartment, and while legitimately searching for the items specified in the search warrant, observed the desk drawer, they were justified in seizing it. There was no error in admitting the drawer and its contents in evidence.

Appellant next contends the evidence is insufficient as a matter of

law to establish the identity of him as one of the perpetrators of the robbery. Admittedly, the evidence in this case is circumstantial, but it has long been the rule in this State that a conviction may be sustained on the basis of circumstantial evidence alone. *Collins v. State*, (1977) 266 Ind. 430, 364 N.E.2d 750.

The evidence in this regard shows that appellant gave Margaret Walker a bracelet, a ring, and a necklace, telling her he had purchased them. These were subsequently turned over to the police and were identified by Willison as belonging to his daughters. Willison also identified a box of shells found in appellant's automobile as belonging to his son. He was unable to positively identify the robber, but he testified that the appellant "definitely favors" the intruder since he was of about the same height, weight, and build. There was also testimony identifying the appellant's car around the time of the crime travelling on the road toward the victim's house. This evidence, as well as other evidence in the record, is more than sufficient evidence from which the jury could have inferred that appellant was involved in the robbery.

Finally, appellant contends the trial court erred in sentencing him under all three counts for the same act. This subject has recently undergone an extensive analysis by Justice Pivarnik in *Elmore v. State*, (1978) 269 Ind. 532, 382 N.E.2d 893, 65 Ind.Dec. 397. There the Court held that the proper test now to be applied in such cases is whether the crimes are the same offense. In this regard, the inquiry of the court is to focus on the elements of the two crimes. It is evident that to prove the crime of armed robbery, the elements of robbery must be adduced. The robbery sentence therefore cannot stand. *Kokenes v. State*, (1938) 213 Ind. 476, 13 N.E.2d 524.

We reach the same conclusion with respect to theft and armed robbery. To prove theft, the State must show that defendant has obtained or exerted unauthorized control over a person's property with the intent to deprive the owner of the use or benefit of such property. IC § 35-17-5-3 [Burns 1975]. To prove armed robbery, the State must establish, among other things, that the defendant has taken an article of value from the person of another. IC § 35-12-1-1; IC § 35-13-4-6 [Burns 1975]. Since possession in this area of the law is tantamount to ownership,

*Gunder v. State*, (1968) 250 Ind. 689, 238 N.E.2d 655, it is clear that if the State established the elements of armed robbery, then it also has proved the elements of theft. See *Noel v. State*, (1971) 257 Ind. 299, 274 N.E.2d 245. Hence, under the *Elmore* test, the sentence for theft cannot stand.

Accordingly, this cause is remanded to the trial court with instructions to vacate the sentences as to the robbery and theft counts. The conviction for armed robbery is in all things affirmed.

Hunter, Pivarnik and Prentice, JJ. concur.

DeBruler, J. concurs in result.

NOTE—Reported 383 N.E.2d 328.