Larry A. PARKS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 478S75.

Supreme Court of Indiana.

May 16, 1979.

Sharon Carroll Clark, Greg & Clark, Anderson, for appellant.

Theo. L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Larry Albert Parks, was charged by Information with first-degree burglary, Ind.Code § 35–13–4–4 (Burns 1975), on March 7, 1977. He was additionally charged with being an habitual criminal offender, Ind.Code § 35–8–8–1 (Burns 1975), on August 23, 1977. He was found guilty on both charges by a jury in October, 1977, and was sentenced to life imprisonment on the second count. He now raises the following issues in his direct appeal.

1. Whether his rights to a speedy trial and effective assistance of counsel were denied;

2. Whether the habitual criminal offender statute is unconstitutional;

3. Whether the court erred in admitting into evidence certain of the state's exhibits;

4. Whether there was sufficient evidence to support the verdict and deny defendant's motions for directed verdict;

5. Whether the court erred in overruling defendant's motion for mistrial following prejudicial remarks of a witness;

6. Whether the court erred in giving one of the state's preliminary instructions over defendant's objection; and

7. Whether the court erred in refusing to sentence the defendant under the new habitual offender statute, Ind.Code § 35–50–2–8 (Burns 1979).

The facts from the record most favorable to the state can be briefly summarized as follows. While the victim, Mrs. Geneva Stewart, was away from her home in Anderson, Indiana, on a one-month vacation, the home was entered and in part ransacked. A silent alarm system alerted the Anderson police department, and several officers arrived in time to see one person flee from the house and a second person stand briefly at the front door and then reenter the house. This second individual was wearing a tan jacket and blue hat.

When the house was searched, the defendant was found hiding in a crawl space adjoining a basement room. Several items were found with him including a tan jacket, blue hat, rubber gloves, and a blue switchblade knife. Some coins and jewelry were found strewn along the side and back of a chair in the living room. Mrs. Stewart testified that she had locked all her doors and windows before she left on vacation and that she had never given defendant permission to enter her house. She also testified that she kept the coins and jewelry found on the chair in a dresser drawer in her bedroom on the second floor and that the dresser drawers had been rifled.

## I.

The defendant first contends that the court erred in denying his motion for discharge based on a denial of his right to a speedy trial. The defendant filed a request for a speedy trial on July 12, 1977, about four months after he was charged with the offense of first-degree burglary. The court granted the motion on July 28, 1977, and assigned the cause for trial on September 13, 1977. The state then filed the additional charge of being an habitual criminal offender on August 23, 1977. Thereafter the defendant filed an objection to trial date on August 29, 1977, and on September 7, 1977, orally moved for a continuance. This motion was granted by the court and the trial was set for October 3, 1977.

■ We have clearly held that when a motion for speedy trial has been made under Ind.R.Crim.P. 4(B), and the trial court has acted on that motion by setting a trial date, the motion will be deemed to have served its purpose. The defendant must then file a second motion for immediate trial to invoke his right under the rule when the trial is continued due to his action. *Cody v. State,* (1972) 259 Ind. 570, 290 N.E.2d 38. The continuance in this case was requested by the defendant, so there was no error in the denial of his motion for discharge.

■ The defendant further contends that the state should not have been permitted to file the information for habitual criminal offender only three weeks prior to the scheduled date of trial since this denied him of his constitutional right to adequate representation of counsel on this second count. However, the defendant was granted a continuance to enable him to prepare a defense on this count. Further, the defendant has not shown how a more extended preparation time would have disclosed any additional evidence on this count, so there is no inference of ineffectiveness from minimal consultation or preparation time. *Grimes v. State,* (1977) 266 Ind. 684, 366 N.E.2d 639; *Haddock v. State,* (1973) 260 Ind. 593, 298 N.E.2d 418.

## II.

■ The defendant raised several grounds concerning the alleged unconstitutionality of the habitual criminal offender statute at trial. However, he presents only one argument in his brief on appeal, that the mandatory life sentence is so excessive and disproportionate to the underlying offense as to constitute cruel and unusual punishment. We have consistently held that the determination of appropriate penalties for crimes committed in this state is a function of the legislature, and we will disturb such a determination only upon a showing of clear constitutional infirmity. *Vacendak v. State,* (1976) 264 Ind. 101, 340 N.E.2d 352; *Beard v. State,* (1975) 262 Ind. 643, 323 N.E.2d 216. There has been no such showing here.

## III.

■ The defendant next alleges several errors in the admission of the state's evidence. He objects to the admission of his hat, a switchblade knife, a billfold, driver's license, and automobile registration, and the brown paper bag in which the last three items were held pending trial as not being relevant to the crime with which he was charged. However, all of these items, except the paper bag, were found on or near the defendant at the time he was apprehended and are relevant to prove his

identity. The paper bag is relevant to the proof of the chain of custody of the other items. The switchblade knife was found near where the defendant was hiding and is relevant as being a possible tool or weapon used in the perpetration of the anticipated burglary. There was no error in admitting this evidence.

The defendant next alleges that the two photographs of the house involved are not accurate portrayals of the scene as it existed on the night of the offense. Although the photographs were taken during the day and so showed the house under different conditions of light, this is not a serious enough discrepancy to warrant the photograph's exclusion. *Gill v. State,* (1977) Ind., 368 N.E.2d 1159.

The defendant also alleges that the two commitment reports are not properly authenticated and should not have been admitted. However, the record shows that the commitment papers were properly authenticated and both prior convictions were certified by the court involved. There was no error here.

The defendant alleges that a proper chain of custody was not established for certain coins which were found in the victim's home and a piece of rolled cardboard containing impressions of his fingerprints, and that it was error to admit these items as evidence. These items were all hard physical evidence whose characteristics were capable of eyewitness identification, and they were identified before being admitted. It is a sufficient foundation for the introduction of such items into evidence that a witness identifies the item and it has relevance to the issues of the case. *Woodard v. State,* (1977) Ind., 366 N.E.2d 1160.

### IV.

The defendant contends that there was not sufficient evidence on the elements of breaking and of felonious intent. We have consistently held that in reviewing the sufficiency of the evidence we do not weigh the evidence or judge credibility. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. When there is substantial evidence of probative value supporting the jury's verdict, the conviction will not be set aside. *Cummings v. State,* (1979) Ind., 384 N.E.2d 605; *Henderson v. State,* (1976) 264 Ind. 334, 343 N.E.2d 776. We also do not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only that an inference may reasonably be drawn therefrom tending to support the finding of the jury. *Cummings v. State, supra; Jones v. State,* (1978) Ind., 377 N.E.2d 1349.

In the instant case, the victim testified that she had left her home locked and secured by a silent alarm device. When this alarm went off, the police found defendant hiding in the house, the front door of the house was open, and items of jewelry and coins were strewn in a chair away from their usual location in a bedroom dresser. This was sufficient evidence to justify inferences of both a breaking and an intent to commit the crime of burglary.

Since we have found sufficient evidence to sustain the jury's verdict of guilty, there was no error in overruling defendant's motion for directed verdict at the conclusion of the trial on the first count for first-degree burglary. The defendant also moved for a directed verdict at the close of the trial on the second count for being an habitual criminal offender. He alleges that the state failed to meet its burden of proof in showing that the defendant was represented by counsel at the time of his prior felony convictions. However, there was no error here since the order book entries which were made a part of the record clearly show that defendant was represented by counsel at each of his prior convictions.

### V.

During the trial on the second count, one of the state's witnesses made an allegedly prejudicial statement about the defendant's return to the reformatory as a parole violator. The trial court promptly

admonished the jury to disregard this statement and had it stricken from the record. This prompt action by the court prevented any possible harm to the defendant. *Phelps v. State,* (1977) 266 Ind. 66, 360 N.E.2d 191; *Johnson v. State,* (1977) 265 Ind. 689, 359 N.E.2d 525.

 The defendant also objected to the admission into evidence of two waiver of rights forms which he had signed before making statements to the police. These forms clearly list defendant's rights, including the right to have an attorney. Defendant argues that the forms did not advise him of his immediate right to an attorney, but there is no merit to this contention. State's Exhibit # 12 clearly states: "If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish." There was no error in the admission of these forms or of the statements defendant made after he signed these forms.

### VI.

The defendant next alleges that he was prejudiced by part of the court's preliminary instruction # 14 which referred to the opening statement of his counsel. His counsel intended to waive the opening statement, and defendant claims this reference to an opening statement therefore prejudiced him. However, since the defendant has not set out the verbatim objections which he made at trial in his brief, any error here is deemed waived. Ind.Rule Ap.P. 8.3(A)(7).

### VII.

The defendant's final allegation of error concerns his sentencing under the old habitual criminal offender statute, Ind.Code § 35–8–8–1 (Burns 1975). He contends that since his third conviction did not occur until October 6, 1977, after the new code went into effect, he should have been sentenced under the new habitual criminal offender statute, Ind.Code § 35–50–2–8 (Burns 1979). However, we have clearly held that the sentence imposed under the old habitual criminal offender statute is an alternative sentence to be imposed in place of any

sentence for the third felony. *Eldridge v. State,* (1977) 266 Ind. 134, 361 N.E.2d 155.

Since the third felony for which defendant was charged and herein convicted was committed prior to October 1, 1977, the sentencing provisions of the old statute are applicable to him and there was no error in the sentencing. *State v. Palmer,* (1979) Ind., 386 N.E.2d 946; *Holsclaw v. State,* (1979) Ind., 384 N.E.2d 1026; *Watford v. State,* (1979) Ind., 384 N.E.2d 1030.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.