**James THOMPSON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 582S182.

Supreme Court of Indiana.

Oct. 28, 1982.

Hugh G. Baker, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, James Thompson, was convicted by a jury of felony murder, Ind. Code § 35–42–1–1(2) (Burns 1979 Repl.) and was sentenced to the Indiana Department of Correction for a term of fifty years. He raises the single issue of the sufficiency of the evidence in this direct appeal.

A brief summary of the facts from the record most favorable to the state shows that defendant and two friends, Gary Burris and Emmett Merriweather, were playing pool and talking at the M & J Social Club in Indianapolis on the evening of January 29, 1980. They asked an employee to call a cab for them so they could go to a party they knew about. Both defendant and Burris had pistols on them. When the cab arrived, Burris got into the front seat and Merriweather and defendant got into the back. Burris gave the driver directions and eventually had him pull into an alley. Defendant said, "This is not good enough," and when Merriweather asked what wasn't good enough, defendant told him to be quiet. Burris forced the driver to get into the back seat while Merriweather got into the front right seat and defendant drove the cab.

They drove around for approximately half an hour as Burris took the clothes off the cab driver, kept items of value, and then threw the clothes out of the window. At one point the cab driver pleaded with them, saying, "You can take my money, but just please don't hurt me." Eventually they pulled into another alley, where Burris and defendant beat the cab driver on the head until he became unconscious. Burris then pulled the cab driver out of the cab, bound his hands behind his back, and shot him in the head. Merriweather argued with Burris and defendant and said they would not get away with this murder. He got out of the cab and walked back to the apartment of a friend, Carol Wilkins. Defendant and Burris also returned to Wilkins's apartment and had in their possession a cab driver's run sheet, a leather jacket, and a silver watch which they had not had before they left. The cab driver's nude body was found in the alley the next morning. Merriweather testified at trial to all of the above events pursuant to a plea agreement.

Defendant contends that the evidence was insufficient in two respects. He argues that the information alleged that the murder occurred while they were robbing the cab driver of United States currency and no evidence was presented concerning money. He also argues that the evidence shows that the cab driver was murdered after the robbery and not during the robbery.

Our standard for reviewing sufficiency claims is firmly established; on appeal the reviewing court does not weigh the evidence or judge credibility. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Rowan v. State,* (1982) Ind., 431 N.E.2d 805; *Wofford v. State,* (1979) Ind., 394 N.E.2d 100; *Poindexter v. State,* (1978) 268 Ind. 167, 374 N.E.2d 509. On review, this Court does not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only that an inference may reasonably be drawn therefrom which supports the finding of the jury. *Hall v. State,* (1980) Ind., 405 N.E.2d 530; *Parks v. State,* (1979) 270 Ind. 689, 389 N.E.2d 286. The triers of fact may draw

**194**

reasonable inferences from facts established either by direct or circumstantial evidence, and a guilty verdict may be based solely upon circumstantial evidence. *Harris v. State,* (1981) Ind., 425 N.E.2d 112; *Webster v. State,* (1978) 270 Ind. 145, 383 N.E.2d 328.

The evidence in this case clearly supports the jury's inference that money was taken during the robbery. Merriweather testified that the victim told them to take his money, but not hurt him. The police recovered various items of clothing of the victim including his sweatshirt, trousers, undershorts, belt, and a photograph holder containing his identification. Since no money was found on the victim or in any of his clothes, the jury could reasonably infer that defendant and his accomplices robbed the victim of the money he had stated he had. The jury was fully informed as to the circumstances of Merriweather's testimony and it was their function to weigh his testimony and judge his credibility. *Bond v. State,* (1980) Ind., 403 N.E.2d 812. Uncorroborated testimony of an accomplice will support a conviction. *Taylor v. State,* (1981) Ind., 425 N.E.2d 141, 143.

Defendant's second argument that the killing did not actually take place during the robbery as the victim's possessions had already been taken before the actual shooting occurred is without merit. We have clearly held that before a robbery or other theft-related crime is complete there must be an asportation of the property. *Stroud v. State,* (1979) Ind., 395 N.E.2d 770. It is clear in this case that the shooting of the cab driver occurred before defendant and his accomplices carried away any of the victim's possessions. Furthermore, the robbery and the shooting were so closely connected in point of time, place, and continuity of action as to be one continuous transaction. *Stroud v. State, supra.* There was no error here.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.