**Hubert McMILLIAN, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 382S127.

Supreme Court of Indiana.

July 7, 1983.

M. Anne Wilcox, Ralph Ogden, J. William DuMond, Wilcox, Ogden & DuMond, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia Sue Stanley, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Hubert McMillian, was charged with burglary, a Class C felony, Ind.Code § 35–43–2–1 (Burns 1979 Repl.) and with being an habitual offender, Ind. Code § 35–50–2–8 (Burns 1979 Repl.). At his original trial, the jury found him guilty on the burglary charge but could not reach a verdict on the habitual offender count. He was sentenced to a term of imprisonment of five years on the burglary conviction. The state moved for a new trial on the habitual offender count and when this was denied, the state appealed. This Court reversed the trial court's denial of the state's motion for a new trial on the habitual offender count in *State v. McMillan,* (1980) Ind., 409 N.E.2d 612, *cert. denied,* (1981) 450 U.S. 1003, 101 S.Ct. 1714, 68 L.Ed.2d 207. Defendant was retried and found to be an habitual offender; he was sentenced to an additional thirty year term of imprisonment. He then brought a consolidated appeal including a belated appeal for the burglary conviction as well as an appeal on the habitual offender count. While this appeal was pending the two issues which involved the retrial of the habitual offender count became moot as the trial court vacated and set aside defendant's sentence and conviction as an habitual offender on June 21, 1983. We now consider the following three issues as a belated appeal from the burglary conviction:

1. Whether the trial court committed fundamental error in failing to give a final instruction to the jury covering the elements of the burglary offense;

2. Whether the trial court erred in admitting into evidence a business card seized during defendant's arrest; and

3. Whether there was sufficient evidence to support the jury's verdict.

A brief summary of the facts most favorable to the state shows that around 2:00 a.m. on February 27, 1979, Indianapolis Police Officer Robert Marsee received information over his police radio that there had been a burglary at a store, Playback, Inc., which was in his vicinity. He learned that other officers on foot were tracking two black males who had run from the store. Officer Marsee turned the headlights off on his patrol car and drove slowly in the direction of the store. He saw two men walking and stopped them and identified

himself as a police officer. Defendant was one of the two men, but he gave a false name and address to Marsee and said he did not have any identification on him. The other man provided identification but dropped a business card in the snow when he got out his wallet. Marsee testified that the man attempted to kick the card underneath the police car in an attempt to hide it. Marsee picked it up and found it was a card from the Playback store. Other evidence showed that a videotape machine and several stereos from the store were found near the Playback store in a car which also contained defendant's wallet. The window of the front door of the Playback store had been broken with a concrete block.

Defendant testified on his own behalf and denied committing the burglary. He stated that he was walking home after spending some time at a local nightclub because he had let someone else drive his car. He testified that he had been given a ride by an individual who had only been able to bring him part of the way to his home. The evidence showed that defendant lived several miles from the vicinity of the Playback store where he had been picked up.

## I.

Defendant first alleges that the trial court erred in not giving final instructions on the elements of burglary and that this was fundamental error. However, the record shows that the jury was properly instructed on the relevant statutory elements of the offense of burglary in one of the court's preliminary instructions. The charging information was also read to the jury and this informed them of the specific felony, theft, which was the ultimate object of the burglary. The information stated in pertinent part:

"... Hubert McMillian on or about the 27th day of February, A.D. 1979, at and in the County of Marion in the State of Indiana did break and enter the building and structure of Playback Inc., situated at 2602 E. 62nd Street, Indianapolis, Indiana, with intent to commit the felony of theft therein; that is, with intent to knowingly exert unauthorized control over the property of Playback Inc., and to deprive Playback, Inc., of any part of its value or use . . . ."

During final instructions, the court did not read the elements again but did instruct the jury to consider the preliminary instructions along with the final instructions. All of the instructions were sent to the jury room during deliberations. Defendant did not tender any final instructions on the elements of burglary and did not object to the trial court's instructions. He acknowledges our well-settled principle that while it is the duty of the trial court to properly instruct the jury upon all matters of law in the case, a defendant may not stand idly by while the court makes an error in instructing the jury and then claim, on appeal, that because of this error he is entitled to a new trial. *Muse v. State,* (1981) Ind., 419 N.E.2d 1302, 1305; *Law v. State,* (1980) Ind., 406 N.E.2d 1185; *Larkin v. State,* (1979) 271 Ind. 469, 393 N.E.2d 180. However, he argues that in this case the allegedly inadequate final instructions resulted in fundamental error.

■■■ We have decided this issue adversely to defendant's position in *Lacy v. State,* (1982) Ind., 438 N.E.2d 968. There we found that the failure to give a final instruction on the elements of the offense is not fundamental error so long as a preliminary instruction on the elements is given, and that waiver occurs if there is a failure to object. *Id.* at 971. Here there was no fundamental error and waiver did occur since the jury was correctly instructed on the elements in the preliminary instructions and defendant offered no objection to the final instructions. Furthermore, the jury was correctly instructed to consider the preliminary instructions along with the final instructions during their deliberations. It is well established that instructions are to be construed and considered as an entirety. *Porter v. State,* (1979) 271 Ind. 180, 391 N.E.2d 801; *Ferrier v. State,* (1977) 266 Ind. 117, 361 N.E.2d 150. Any possible error

regarding instructions in this case was waived.

## II.

 Defendant contends that the trial court erred when he admitted into evidence the Playback business card which had been retrieved during defendant's arrest. This card was picked up from the snow by Officer Marsee after defendant's companion dropped it and attempted to kick it under the car to hide it. We find no error here since the act of the companion in trying to conceal the card certainly was a happening which was close in time and space to the commission of the crime and was part of the story of defendant's arrest. Evidence of happenings near in time and place which complete the story of a crime are properly admissible under the theory of *res gestae. Brown v. State,* (1981) Ind., 417 N.E.2d 333, 337; *Maldonado v. State,* (1976) 265 Ind. 492, 355 N.E.2d 843; *Tapp v. State,* (1980) Ind.App., 406 N.E.2d 296.

## III.

Defendant further contends that there was insufficient evidence to support his conviction on the burglary charge. He bases this contention on the fact that the evidence of his participation in the crime was circumstantial. He argues that when·he was stopped, he was walking at a normal pace and was not out of breath and that if he had been one of the participants in the crime it was not likely he could have been at this location without showing some signs of running or of recent heavy exertion. These arguments are not convincing since it is the duty of the triers of fact to resolve any conflicts in the evidence.

 Our standard for reviewing sufficiency claims is firmly established; on appeal the reviewing court does not weigh the evidence or judge credibility. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned.

*Rowan v. State,* (1982) Ind., 431 N.E.2d 805; *Wofford v. State,* (1979) 271 Ind. 518, 394 N.E.2d 100; *Poindexter v. State,* (1978) 268 Ind. 167, 374 N.E.2d 509. On review, this Court does not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only that an inference may reasonably be drawn therefrom which supports the finding of the jury. *Hall v. State,* (1980) Ind., 405 N.E.2d 530; *Parks v. State,* (1979) 270 Ind. 689, 389 N.E.2d 286. The triers of fact may draw reasonable inferences from facts established either by direct or circumstantial evidence, and a guilty verdict may be based solely upon circumstantial evidence. *Thompson v. State,* (1982) Ind., 441 N.E.2d 192; *Harris v. State,* (1981) Ind., 425 N.E.2d 112; *Webster v. State,* (1978) 270 Ind. 145, 383 N.E.2d 328.

 In this case, the jury was correctly instructed that their standard in regard to the circumstantial evidence was that it must exclude every reasonable hypothesis of innocence. There is substantial evidence of probative value to support the jury's verdict including the following facts: the items missing from the Playback store along with defendant's wallet were found in a car near the scene of the crime; defendant gave false information about his name, age, and address when he was stopped by Officer Marsee; he was unable to give a reasonable explanation for his presence at the location where he was apprehended near the scene; and the apprehension occurred at 2:00 a.m. when there was very little traffic or business on the street.

For all of the foregoing reasons, there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.