Michael TUNSTALL, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1182S446.

Supreme Court of Indiana.

Aug. 10, 1983.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Michael Tunstall, was convicted by a jury of attempted murder, a Class A felony, Ind.Code §§ 35–42–1–1, 35–41–5–1 (Burns 1979 Repl.), two counts of battery, a Class C felony, Ind.Code § 35–42–2–1 (Burns 1979 Repl.) and possession of a sawed-off shotgun, a Class D felony, Ind.Code § 35–23–9.1–2 (Burns 1982 Supp.). He was sentenced to concurrent terms of thirty-five, five, five and two years, and he raises the following two issues in his direct appeal.

1. Whether the trial court erred in failing to instruct the jury on the offense of criminal recklessness; and

2. Whether there was sufficient evidence to sustain the guilty verdicts.

A brief summary of the facts from the record most favorable to the state shows that on January 16, 1982, defendant entered the T and T Lounge in Indianapolis while he was armed with a gun. He became involved in an altercation during which the gun accidentally discharged and a bullet was lodged in the ceiling. Robert Smith, an employee of the lounge, finally was able to restrain defendant and remove the gun from his possession. Defendant was asked to leave the lounge. Later, Smith received a telephone call from defendant who informed Smith he wanted his gun returned. When defendant returned to the lounge about an hour later to get his gun, he called Smith's name and fired a sawed-off shotgun at him. Smith was hit in the back and two patrons of the lounge were also hit.

## I.

 Defendant contends that the trial court committed reversible error when it refused to give his tendered final instruction covering the offense of criminal recklessness. He argues that criminal recklessness is a lesser included offense of both attempted murder and battery.

This Court has clearly held that the offense of criminal recklessness is not a lesser included offense of attempted murder. *Humes v. State,* (1981) Ind., 426 N.E.2d 379. We carefully analyzed the statute defining the offense of recklessness and found that in the present statutory scheme that offense is a general intent offense. We stated that "[r]ecklessness is shown by a disregard for the harm that might result and the offense is not a specific intent crime". *Id.* at 383. Our attempt statute has application only to specific intent crimes and does not apply to the class of general intent crimes to which criminal recklessness belongs. *Goodwin v. State,* (1982) Ind., 439 N.E.2d 595, 598; *Humes v. State,* 426 N.E.2d at 383. Here, defendant was charged with the specific act of shooting at Robert Smith with the intent to kill him, so there was no error in the refusal of the instruction on criminal recklessness under the attempted murder count.

■ Furthermore, defendant's tendered instruction reads as follows:

"A part of the Statute of the State of Indiana which defines and states the essential elements of the crime of Criminal Recklessness which is a lesser included offense under Counts 1 and 2 with which the defendant is charged in the Information reads as follows:

" . . . . . A person who recklessly, knowingly, or intentionally inflicts serious bodily injury on another person commits criminal recklessness, a Class D felony."

This is obviously an incorrect instruction since criminal recklessness is not a lesser included offense under Count 1, which was the attempted murder count. It is also an incomplete instruction as it did not define the words recklessly, knowingly, or intentionally and thus would be confusing to the jury and was properly refused. It is not error for the trial court to refuse to give an instruction which erroneously states the law or is confusing and misleading to the jury. *Richey v. State,* (1981) Ind., 426 N.E.2d 389; *Carter v. State,* (1977) 266 Ind. 196, 361 N.E.2d 1208; *Brewer v. State,* (1969) 253 Ind. 154, 252 N.E.2d 429. There was no

error in refusing defendant's tendered instruction on criminal recklessness.

## II.

■ Defendant also contends that there was not sufficient evidence to sustain the verdict of the jury. He acknowledges our well settled standard for reviewing sufficiency claims; on appeal the reviewing court does not weigh the evidence or judge credibility. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Rowan v. State,* (1982) Ind., 431 N.E.2d 805; *Wofford v. State,* (1979) 271 Ind. 518, 394 N.E.2d 100; *Poindexter v. State,* (1978) 268 Ind. 167, 374 N.E.2d 509. The triers of fact may draw reasonable inferences from facts established either by direct or circumstantial evidence, and a guilty verdict may be based solely upon circumstantial evidence. *Thompson v. State,* (1982) Ind., 441 N.E.2d 192; *Harris v. State,* (1981) Ind., 425 N.E.2d 112; *Webster v. State,* (1978) 270 Ind. 145, 383 N.E.2d 328.

In this case, defendant claims that since he fired his weapon into a crowded tavern there was no proof that he specifically intended to kill the victim or injure anyone when he fired the shotgun. However, there is evidence that defendant told Smith he'd "be back" when Smith asked him to leave the lounge after the altercation. Smith also stated that he heard defendant call his name before he was shot. There is no question that defendant came to the lounge armed with a sawed-off shotgun after he had previously been evicted from the premises for causing trouble.

Intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death and from the circumstances surrounding the shooting. *Scott v. State,* (1980) Ind., 413 N.E.2d 902; *Johnson v. State,* (1980) Ind., 399 N.E.2d 360; *Zickefoose v. State,* (1979) 270 Ind. 618, 388 N.E.2d 507. There was sufficient evidence of probative value in this case to support

the jury's verdicts of guilty of attempted murder, battery, and possession of a sawed-off gun.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.