Clarence Edward POTTER,
Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 1082S408.

Supreme Court of Indiana.

Aug. 10, 1983.

Albert E. Marshall, Jr., Lay & Marshall, P.C., Gary, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia Sue Stanley, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant, Clarence Edward Potter, Jr., was convicted of robbery, a class B felony, Ind.Code § 35–42–5–1 (Burns 1979 Repl.) and theft, a class D felony, Ind.Code § 35–43–4–2 (Burns 1979 Repl.). He was sentenced to a term of fifteen years for the robbery conviction and concurrently to four years for the theft conviction. He raises the following three issues in his direct appeal:

1. whether the trial court erroneously gave a jury instruction on flight;

2. whether the denial of defendant's motion for a continuance resulted in ineffective representation of counsel; and

3. whether the trial court erred in sentencing defendant for both the robbery and theft convictions.

A brief statement of the facts most favorable to the State reveals that on December 21, 1981, Defendant, while armed with a handgun, robbed the victim at her apartment in Dyer, Indiana. Upon Defendant's demand, the victim handed over $125, jewelry, and a suitcase. Defendant then tied up the victim and took her car keys. The victim subsequently discovered that her cream-colored 1981 Plymouth Champ was missing. Three days later, an Indiana state trooper observed Defendant, who was driving a cream-colored 1981 Plymouth Champ, make a U-turn on the Indiana Toll Road. The officer attempted to pull Defendant over for the traffic violation. Defendant refused to pull over and increased his speed to over 80 miles per hour. Defendant finally was apprehended at a road block, and a computer check on the car revealed that it had been stolen December 21, 1981, from Dyer, Indiana. Defendant was charged with robbing the victim of $125 and, as a separate offense, with theft of the automobile.

I

Defendant first argues that the trial court erred when it gave the following instruction: "Evidence of flight and other actions calculated to hide a crime or conceal identity is some evidence of consciousness of guilt and are circumstances which may be considered by you in connection with all other evidence." Defendant contends that his attempted flight from police related only to the traffic violation for which he was being pursued and was irrelevant to the robbery and theft charge. He argues further that the above instruction misled the jury and was prejudicial to him.

It is well established that flight may be considered as circumstantial evidence of guilt. *Coleman v. State,* (1976) 265 Ind. 357, 354 N.E.2d 232; *Frasier v. State,* (1974) 262 Ind. 59, 312 N.E.2d 77. To determine whether an instruction on flight is applicable, all reasonable inferences that may be drawn from the evidence must be considered. *Lane v. State,* (1983) Ind., 445 N.E.2d 965, 968; *Frasier,* 262 Ind. at 70, 312 N.E.2d at 82. Here Defendant was fleeing police in a stolen vehicle three days after the car was stolen. The evidence supports a reasonable inference that defendant would not have fled if the car were not stolen. Therefore, the instruction on Defendant's flight was relevant to the robbery and theft charges and was not error.

II

Defendant next alleges that he was denied effective representation because the trial court denied his motion for a continuance in order to let Defendant's private counsel prepare for trial. Defendant had been represented by a public defender throughout his arraignment and the pretrial procedures but had hired private counsel two days before trial. Defendant then

moved for a continuance the day of trial on the grounds that the public defender was going to file a motion to withdraw and that Defendant's new attorney needed time to prepare for trial. The judge denied this request and ordered the public defender to stay for the trial. Defendant now alleges that hiring a private attorney indicated a poor working relationship with the court-appointed attorney. However, Defendant has not specified any particular problems he had with the public defender nor alleged any inadequacies in the public defender's representation. Additionally, the only grounds given for the motion to withdraw was a possible scheduling conflict if Defendant's trial extended longer than one day.

 Strong and convincing evidence showing that an attorney's conduct made the trial a mockery of justice and denied defendant adequate legal representation is necessary to overcome the presumption of counsel's competency. *Tessely v. State,* (1982) Ind., 432 N.E.2d 1374; *Lindley v. State,* (1981) Ind., 426 N.E.2d 398. Defendant has made no showing of ineffective representation by the public defender. Defendant's argument centers around the fact that his private attorney was inadequately prepared to go to trial. Although this allegation may be true, based on the fact that counsel was hired at 5:00 p.m. Friday and trial started the following Monday morning, it was the public defender who represented Defendant at trial, not Defendant's private counsel. As previously noted, there is no evidence, or even an allegation, that the public defender was inadequate. Thus defendant was not denied effective representation.

Considering the above facts and that the motion for continuance was made the day of trial, it cannot be said that the trial judge abused his discretion in denying defendant's request for a continuance. *See German v. State,* (1978) 268 Ind. 67, 373 N.E.2d 880; *Magley v. State,* (1975) 263 Ind. 618, 335 N.E.2d 811.

## III

 Finally, Defendant argues that he should not have been sentenced for both the robbery and theft convictions because theft is a lesser included offense of robbery; therefore, the two convictions merged. Although the principle is true, *Rogers v. State,* (1979) Ind., 396 N.E.2d 348, the facts show that the principle does not apply in this situation. Count I charged the defendant with robbery, alleging that property was taken from the victim. Thus, the defendant committed robbery and therefore also theft of the victim's personal items, including jewelry, money, car keys, and other items in the apartment. Count II specifically stated that the automobile was the only property involved in the theft charge. Even though one part of the general transaction involved the taking of property from the victim, it can certainly be said that the taking of the automobile was an additional theft, unrelated to those in the apartment. To that extent, the theft of the automobile does not merge into the robbery conviction. The State charged the defendant with theft of the automobile in a separate count and he was convicted of that crime. The trial court properly sentenced the defendant on both counts.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, J., concur.

HUNTER, J., concurs in part and dissents in part with separate opinion in which PRENTICE, J., concurs.

HUNTER, Justice, concurring in part, dissenting in part.

Although I concur in the majority opinion regarding the first two Issues, I must respectfully dissent to the majority's conclusion on Issue III.

In *Elmore v. State,* (1978) 269 Ind. 532, 382 N.E.2d 893, this Court held that in determining whether a defendant may be convicted and sentenced for multiple offenses arising from the same act or acts, the proper focus "is on the identity of the offenses, not on the identity of their

source". *Id.* at 539, 382 N.E.2d at 897. Since then we have determined that theft is a lesser included offense of robbery. *Rogers v. State,* (1979) Ind., 396 N.E.2d 348; *Webster v. State,* (1978) 270 Ind. 145, 383 N.E.2d 328. In *Webster,* we said that once the state has proven the elements of armed robbery, it also has proven the elements of theft. 270 Ind. at 149–50, 383 N.E.2d at 331.

While there may be factual situations when this principal would not apply, this case is not one. The facts show that defendant robbed the victim of personal items and her car keys, which were the means of control for the car. He also inquired as to what kind of car she drove. He then used the keys to take the car from the parking lot of the apartment house. Thus defendant committed theft, Ind.Code § 35–43–4–2 (Burns 1979 Repl.), when he took the victim's car keys and obtained unauthorized control over the victim's car with the intent to deprive the victim of the property. At the same time, he committed robbery by intentionally taking property from another person. *See* Ind.Code § 35–42–5–1 (Burns 1979 Repl.) Here the elements necessary to prove the robbery included the elements necessary to prove theft of the car.

The majority focuses on the charging information and the fact that defendant took the car from the parking lot, not from the victim, and concludes defendant committed a separate offense. This rationale ignores the fact that defendant essentially took the car from the victim when he took her car keys and asked which car was hers. The majority's reasoning also would allow a defendant who robbed a person *in his home,* taking car keys and removing a car from the garage, to be convicted of both theft and robbery while a defendant who robbed a person *in his garage* and took a car could be convicted of robbery *or* theft but not both. This result conflicts with the rationale of *Elmore* and *Webster.* Contrary to the majority's conclusion, the taking of the car from the parking lot was not an additional theft, unrelated to those in the apartment. Rather, it was a lesser included offense of the robbery of the victim's car keys

and personal property. *See Holt v. State,* (1978) 178 Ind.App. 631, 383 N.E.2d 467.

Therefore, I believe the trial court erred when it sentenced defendant for both robbery and theft. I would remand the cause to the trial court with instructions to vacate the judgment and sentence on the theft conviction.

PRENTICE, J., concurs.