**Vaughn Lee McAFEE, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1182 S 415.

Supreme Court of Indiana.

March 2, 1984.

K. Richard Payne, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Vaughn Lee McAfee, was convicted of attempted burglary, a Class C felony, Ind.Code § 35–41–5–1 (Burns 1979 Repl.), Ind.Code § 35–43–2–1 (Burns 1983 Supp.), and was found to be a habitual offender, Ind.Code § 35–50–2–8 (Burns 1983 Supp.). The defendant was sentenced to a total of thirty-five years imprisonment. The defendant raises the following three issues in this direct appeal:

1. Whether the conviction for attempted burglary was sustained by sufficient evidence;

2. Whether the defendant received effective assistance of counsel; and

3. Whether the habitual offender finding was sustained by sufficient evidence.

The evidence most favorable to the state shows that Robert Sausaman, a pharmacist at a drug store in Columbia City, saw two people attempting to pry open the back doors of the Coast to Coast Store with a large crowbar. The drug store was located next to the Coast to Coast Store. Sausaman called the police. The police investigated the scene and found the crowbar stuck in the doors of the Coast to Coast Store, but they found no burglars. A police officer did, however, notice a slow moving car nearby. He notified another officer, who eventually stopped the car. The occupants of the car were the defendant and an accomplice, Carlton Hicks.

### I.

The defendant's first contention is that the evidence was insufficient to sustain a conviction for attempted burglary. The defendant alleges that the evidence in this case was entirely circumstantial, specifically noting that there was no direct evidence placing the defendant at the scene of the crime.

■ Our standard for reviewing sufficiency claims has been firmly established. We will neither weigh the evidence nor judge the credibility of witnesses. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. If there exists substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Thompson v. State*, (1982) Ind., 441 N.E.2d 192; *Rowan v. State*, (1982) Ind., 431 N.E.2d 805. Furthermore, "this Court does not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only that an inference may reasonably be drawn therefrom which supports the finding of the jury." *Thompson v. State*, 441 N.E.2d at 193. A guilty ver-

dict may be based solely upon circumstantial evidence. *Thompson v. State; Harris v. State*, (1981) Ind., 425 N.E.2d 112.

▇ The evidence in this case does support the jury's inference that the defendant was attempting to burglarize the Coast to Coast Store. Robert Sausaman testified that he saw two "dark complected" men using a crowbar on the back doors of the Coast to Coast Store. The defendant was a Negro. He thought that one of the two was wearing a stocking cap, but Sausaman could not later identify the defendant and his accomplice as the persons attempting to break into the store. Testimony from other witnesses established that a pair of gloves and a stocking cap were found in the defendant's car. In addition, the defendant's pants were smudged with mud and were covered with briars. These briars matched those taken from a field behind the store. The state introduced evidence that partial footprints found in the area behind the store matched the pattern made by the defendant's shoes. The state also introduced a map of the area and metal wedge which were found near where the slow moving car was first seen. Neither the defendant nor his accomplice was from Columbia City. Thus, even though the defendant told police that he was in the area to help a stranded friend, there was sufficient evidence for the jury to infer that the defendant attempted to burglarize the store.

## II.

The defendant next alleges that he received ineffective assistance of counsel. The defendant believes that his trial counsel should have objected to the introduction of several state exhibits on the ground that the exhibits were irrelevant and prejudicial.

▇ We have frequently stated that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Gross v. State*, (1983) Ind., 444 N.E.2d 296; *Hollonquest v. State*, (1982) Ind., 432 N.E.2d 37. The standard of review is the mockery of justice test as modified by the adequate legal representation standard. *Gross v. State; Darnell v. State*, (1982) Ind., 435 N.E.2d 250. We will not speculate as to what might have been the most advantageous strategy in the case. *Gross v. State; Tessely v. State*, (1982) Ind., 432 N.E.2d 1374.

▇ The defendant in this case has merely stated that the trial counsel failed to object to "irrelevant and highly prejudicial" items of the state's evidence. The defendant has not, however, stated *why* the evidence was irrelevant or prejudicial, other than that there was "no foundation or connection between the evidence and the accused." The record discloses that, in fact, the evidence the defendant contends was objectionable, including pictures of the wedge and of burrs found on the defendant's pants, was relevant as circumstantial evidence placing the defendant at the scene of the crime. In a situation such as this it is incumbent upon the defendant to demonstrate that, had a proper objection been made, the trial court would have had no choice but to sustain the objection. *Beard v. State*, (1981) Ind., 428 N.E.2d 772. The defendant has failed to demonstrate by strong and convincing evidence that his counsel was ineffective.

## III.

The defendant lastly contends that the evidence was insufficient to sustain the habitual offender finding. This argument presumes that the evidence was insufficient to sustain the conviction for attempted burglary. Since we have already decided that there was sufficient evidence to support the underlying charge, there is no merit to the defendant's argument on the habitual offender count.

For all of the foregoing reasons, there was no reversible error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., concurs in result.