Samuel C. McCANN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1282S505.

Supreme Court of Indiana.

July 24, 1984.

Stephen R. Heimann, Columbus, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a bench trial, Defendant (Appellant) was convicted of Murder, Ind.Code § 35–42–1–1 (Burns 1979) and was sentenced to thirty (30) years imprisonment. His direct appeal presents one issue for our review: Whether the evidence is sufficient to sustain the conviction and whether he was denied his lawful presumption of innocence.

At the outset we note our standard of review upon a claim of insufficient evidence:

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all rea-sonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." (citations omitted). *Loyd v. State*, (1980) 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The Defendant admits shooting the victim but claims that the evidence disclosed that the shooting occurred either (1) in self-defense or (2) while under "sudden heat." With regard to his claim of self-defense, he argues that the State failed to prove, beyond a reasonable doubt, that he was not acting in self-defense. When the evidence is sufficient to interject the issue of self-defense into the case, the prosecution does bear the burden of negating the defense beyond a reasonable doubt. *Palmer v. State*, (1981) Ind., 425 N.E.2d 640, 643; *Loyd v. State*, 272 Ind. at 406, 398 N.E.2d at 1264. It may do so by affirmatively rebutting defendant's evidence, if any, or by showing within its case-in-chief that the defendant was not acting in self-defense when the knowing and intentional killing occurred. *Palmer v. State*, 425 N.E.2d at 644; *Southard v. State*, (1981) Ind.App., 422 N.E.2d 325, 330. Under our standard of review if there is substantial evidence of probative value from which the trier of fact could conclude, beyond a reasonable doubt, that defendant did not act in self-defense, the verdict must stand. *Palmer v. State*, 425 N.E.2d at 643.

We hold that, in the case at bar, the evidence was sufficient to negate Defendant's claim of self-defense, inasmuch as there is substantial evidence of probative value consistent with a knowing murder committed by him in acts of agression and without fear for his own life or physical well being, as hereinafter detailed.

Defendant and the victim had become acquainted with each other in the fall of 1980 and had sporadically lived together in decedent's home in Columbus, Indiana.

During that time, Defendant did not work and was frequently the recipient of money and gifts from her. At various times she bought, for his use, an automobile, a van, and a motorcycle. He was aware that she received a large social security check the first of each month. In May, 1981, Defendant married another woman and lived with her in Indianapolis; however, he continued to see the decedent occasionally. Following an incident in which decedent chased and repeatedly struck the motorcycle he was riding with her automobile, he did not see her for two or three months. In late October or early November, 1981, he returned to the victim's home to obtain some clothing which he had left there during the summer. He had been at her home for three or four (3 or 4) days when, on the morning of November 3, 1981, he and decedent drove to her bank where she cashed a check. They returned to her home where Defendant subsequently shot her twice in the head, attempted to clean the blood from the floor and his clothing, took approximately $600.00 in cash, wrapped her body in blankets, placed it in the trunk of his car, and drove to Indianapolis where he dumped the body at a golf course. He then went to Kentucky but returned to his wife's home on November 10, 1981 where police arrested him while he was in the process of transferring his license plate to another vehicle.

In his initial statement, Defendant denied any involvement in the killing and stated that the last time he had seen the victim she had been alive. Later he admitted shooting her, claiming that when he told the decedent that he was leaving her home she became angry and threw a bar stool at him. He was knocked to the floor and his gun fell out of a pocket. He claimed that both of them reached for the gun, that she threatened to kill him, that they struggled, and that the gun fired twice. He further claimed that he was in fear of death because he knew of the decedent's violent tendencies. Testimony revealed that the decedent had, on previous occasions, shot her daughter and attacked another woman with a tire iron. Moreover, Defendant tes-

tified that he recalled the incident when decedent rammed his motorcycle with her automobile.

The trier of fact had before it all of this testimony and was required to consider all of the evidence. It was then the trier of fact's duty to resolve the conflicts in the evidence, *Palmer v. State*, 425 N.E.2d at 643, and it was not compelled to believe the Defendant's version of the sequence of events which led to the killing. *French v. State*, (1980) Ind., 403 N.E.2d 821, 826; *Harris v. State*, (1978) 269 Ind. 672, 674, 382 N.E.2d 913, 915.

From the evidence presented, it was reasonable for the court to infer that the Defendant committed a knowing and intentional murder. Even though the evidence is circumstantial, the trier of fact may draw reasonable inferences from facts established by the evidence, and a guilty verdict may be based upon circumstantial evidence. *Thompson v. State*, (1982) Ind., 441 N.E.2d 192, 194; *Zickefoose v. State*, (1979) 270 Ind. 618, 621, 388 N.E.2d 507, 509. This Court need not find that the circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only that an inference may reasonably be drawn therefrom which supports the verdict. *Thompson v. State*, 441 N.E.2d at 193; *Brown v. State*, (1981) Ind., 421 N.E.2d 629, 630. A reasonable inference to be drawn from the evidence presented at trial is that Defendant killed decedent in order to obtain the $600.00. Moreover, the trier of fact is permitted to consider the Defendant's flight from the scene of the crime, his dumping of the body, and his conflicting accounts of the episode as evidence of his "consciousness of guilt." *Frith v. State*, (1975) 263 Ind. 100, 111, 325 N.E.2d 186, 192 (concurring opinion); *Southard v. State*, 422 N.E.2d at 331.

Defendant argues that inasmuch as he was charged with murder and not with murder during the perpetration of a robbery, this Court may not consider Defendant's taking of the money as a possible

motive for the killing. His argument, however, is without merit. *See Williams v. State*, (1979) 270 Ind. 426, 431, 386 N.E.2d 670, 673.

With respect to his argument that the killing was done while under sudden heat, Defendant claims that he was denied his lawful presumption of innocence in that the court assumed that he had acted with malice. The existence of sudden heat is a mitigating factor which reduces what would otherwise be murder (Ind.Code § 35–42–1–1) to voluntary manslaughter. Ind.Code § 35–42–1–3; *Palmer v. State*, (1981) Ind., 425 N.E.2d at 644. Inasmuch as the crime of murder no longer embodies the element of malice, it is not the absence of malice which distinguishes murder and voluntary manslaughter. Rather, the only distinguishing factor is sudden heat. *Wolfe v. State*, (1981) Ind., 426 N.E.2d 647, 652. Thus the State does not bear the burden of proving malice in order to support a murder conviction as Defendant claims. Instead, it is defendant's burden to prove the existence of sudden heat in order to reduce murder to voluntary manslaughter. *Askew v. State*, (1982) Ind., 439 N.E.2d 1350, 1354; *Russell v. State*, (1981) Ind., 419 N.E.2d 973, 976. Whether Defendant acted under sudden heat was a question for the trier of fact to resolve. *Burris v. State*, (1983) Ind., 444 N.E.2d 1187, 1189. Just as with Defendant's claim of self-defense, discussed above, the trier of fact was aware of Defendant's version of the killing and decedent's reputation for violence. It was not, however, required to believe Defendant's testimony. Moreover, the evidence was sufficient to support the court's finding that Defendant knowingly killed the decedent as charged in the information and that when he did so he was not acting under sudden heat.

Defendant's claim that he was denied his presumption of innocence is without merit. Although the presumption of innocence is a concept for protecting the accused against being convicted upon doubtful evidence, it does not modify our standard of review with respect to the suf-

ficiency of evidence. *Oates v. State*, (1982) Ind., 429 N.E.2d 949, 951–952.

"The presumption of innocence, which belongs to every criminal defendant at the outset of a trial, is a concept for protecting the accused against being convicted upon doubtful evidence. It operates as an obligation upon the jury which is explained to it by the trial judge and instructs as to what it should require, if it is to return a verdict of guilty. The presumption exists as a matter of law, but it is for the guidance of the jury, not courts of appeal, and when the trial court has properly instructed the jury upon the matter, it can do no more. The degree of proof that will be required to overcome the presumption rests in the conscience of each juror. It cannot be said that the presumption was denied simply because the evidence was conflicting or because reasonable men might differ in their conclusions therefrom."

*Id.* at 952.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.