FUTTERMAN-MAROTT CORPORATION v. CITY OF FORT WAYNE AND SOUTHTOWN MALL, INC.

[No. 567S1. Filed October 4, 1967.]

*Daniel B. Keller, Livingston, Dildine, Haynie & Yoder,* of Fort Wayne for appellants.

*J. Robert Arnold, Richard W. George,* of Fort Wayne, for appellee City of Fort Wayne. *Orvas E. Beers, Harry W. Scott,* of Fort Wayne, *Charles M. Wells, James E. Hughes,* of Indianapolis, for appellee, Southtown Mall, Inc. *Adair, Perry, Beers, McAlister & Mallers,* of Fort Wayne, and *Barnes, Hickam, Pantzer & Boyd,* of Indianapolis, both of counsel.

MOTE, J.—Appellant brought this action below on its own behalf and on behalf of other taxpayers of the City of Fort Wayne, Indiana. The complaint prayed (1) for injunctive relief to prevent the defendant City of Fort Wayne from authorizing the defendant Southtown Mall, Inc. ("Southtown") from undertaking the construction of improvements upon certain real estate acquired by Southtown from the City, (2) for injunctive relief to prevent Southtown from constructing the improvements, and (3) a judgment declaring void the transaction by which Southtown acquired the real estate from the City.

The issues were formed by Appellant's complaint and Appellees' answer. The complaint was in two paragraphs, the first based on the theory that the transaction between the City and Southtown constituted a wrongful disposition of municipal property, for the reason that the City could have obtained a larger consideration for the real estate from the Appellant than it obtained from Southtown. The second paragraph of the complaint charged that the City lacked authority to consumate the transaction with Southtown because of its failure to comply with certain statutory provisions.

In effect, the defendants (Appellees) denied the material allegations of the complaint.

The cause was submitted to the trial mainly on answers to interrogatories and on motions for summary judgment filed

by each of the parties. After taking said motions under advisement, the court entered judgment as follows:

> "It is therefore ordered, adjudged and decreed, that defendants' motion for summary judgment is hereby granted and that plaintiff's motion for summary judgment be and the same hereby is in all things overruled.
>
> It is further ordered, adjudged and decreed, that the plaintiff take nothing by way of Count I or Count II of the complaint, and judgment is for defendants.
>
> It is further ordered, adjudged and decreed, that defendants recover of and from plaintiff, their costs in this behalf paid, laid out and expended."

Appellant's Motion for New Trial or, in the Alternative, that the Judgment be Set Aside and Judgment be Entered for Plaintiff was denied. The Assignment of Errors is based upon the overruling of said Motion for New Trial and asserts that the trial court erred in overruling Appellant's Motion for Summary Judgment; the trial court erred in granting Appellees' Motion for Summary Judgment; the decision of the court is contrary to law; the finding of the court is not sustained by sufficient evidence; and that the finding of the court is contrary to law.

A careful examination of the record indicates that Appellee, City of Fort Wayne, owned, and there was under the control of its Board of Park Commissioners, a tract of land consisting of 84.40 acres. On January 11, 1966, the Common Council of said City adopted an Ordinance authorizing its Board of Park Commissioners to sell said tract of real estate, sometimes called the "Mall Site," to Southtown Mall, Inc., Appellee herein, or to parties acting on its behalf, for the sum of $230,000.00 and the free and unencumbered title to a tract of land consisting of approximately 70 acres. Upon the adoption of said Ordinance, a motion was made for reconsideration at the next meeting of said Council; on January 25, 1966, said Council refused to reconsider said Ordinance.

On December 13, 1965, prior to the time said Council adopted said Ordinance, Appellant submitted to said City, through its Board of Park Commissioners, an offer to purchase the said Mall Site for $365,000.00 cash. On January 21, 1966, Appellant submitted to the City, through its said Board of Park Commissioners, an alternative offer to purchase said Mall Site for $260,000.00 in cash and title to certain real estate along the St. Mary's River in Allen County, Indiana. It also proposed a second alternative purchase of said Mall Site for $300,000.00 cash and the conveyance of title to certain real estate along the Maumee River in Allen County, Indiana.

Despite the said offer and alternative offers by Appellant, the City proceeded to convey the said Mall Site to Appellee, Southtown Mall, Inc., by warranty deed dated February 1, 1966.

Appellant asserts in its complaint that the sale aforesaid constituted waste and wrongful disposition in not accepting one of its offers for a greater consideration and that the said transaction was ineffective. Appellant also asserts that the Ordinance authorizing the sale was adopted without appraisal of said Mall Site.

It is appropriate, we think, to set forth the General Ordinance of the Common Council which, omitting the formal parts and the description of the real estate, is as follows:

"An ordinance authorizing the sale of certain real estate owned by the City of Fort Wayne, Indiana.

Whereas, the City of Fort Wayne is the owner of certain real estate hereinafter described, which real estate is under the jurisdiction of the Board of Park Commissioners of the City of Fort Wayne, Indiana, and

Whereas, it is now possible that said real estate can be sold at not less than its appraised value, said consideration to include cash and the receipt of a seventy (70) acre tract of land along the St. Marys River, which land is most suitable for park purposes, and

Whereas, such a transaction is desirable and is beneficial to the City of Fort Wayne:

Now, therefore, be it resolved by the Common Council of the City of Fort Wayne, Indiana:

1. That the City of Fort Wayne, Indiana, sell and convey the following described real estate at not less than the full appraised value thereof; (detailed description)

2. That the consideration for the conveyance of the aforesaid real estate shall be paid in cash and the receipt of a 70 acre tract of land along the St. Marys River, described as follows: (detailed description)

3. That the Mayor of the City of Fort Wayne, in the name of the City, is hereby authorized to convey by Warranty Deed the hereinabove described premises owned by the Board of Park Commissioners of the City of Fort Wayne, said conveyance to contain the attestation of the City Clerk and the Seal of the City of Fort Wayne and shall be for the consideration specified in Paragraph 2 of this Ordinance; and this Ordinance shall be and constitute sufficient authority to said Mayor and City Clerk, in the premises.

4. That the Judge of the Allen Circuit Court be and he is hereby requested to appoint three (3) disinterested freeholders of the City of Fort Wayne, Indiana, to appraise the above described real estate which is proposed to be sold, with a view to the sale of the same.

5. That this Ordinance shall be in full force and effect from and after its passage and approval by the Mayor and due legal publication thereof.

John H. Robinson
Councilman

Read the third time in full and on motion by Robinson seconded by Tipton and duly adopted, placed on its passage. Passed by the following vote:

Ayes seven
Dunifon, Fay, Hinga, Robinson, Rousseau, Steigerwald, Tipton.
Nays two
Buchanan, Nuckols.
Date: 1-11-66

Walter C. Myers
City Clerk

Passed and adopted by the Common Council of the City of Fort Wayne, Indiana.

ATTEST: (SEAL)
Walter C. Myers
City Clerk

Edwin J. Rousseau
Presiding Officer"

Much of Appellant's brief is devoted to the fact that the said Board of Park Commissioners gave an option to purchase the said Mall Site to one, Al Zacher, his successors or assigns, without formal authorization either by the Board of Park Commissioners or by the Common Council. However, as we view the provisions of said option, it had but little legal significance since under the terms of such option it was "subject to the approval of an ordinance approving the sale of such real estate by the Common Council of the City of Fort Wayne, and that such sale shall otherwise be conducted in conformity with the requirements of the laws of the State of Indiana" and in the event of failure of approval of a sale by the Common Council, all monies paid under the option would be refunded. The same may be said with respect to the option renewal. Actually, nobody was bound, but as is often desirable, men of affairs state their intentions in writing, thus to motivate activity in a particular field.

Appellant has presented us with a number of principles of law concerned with the limitations of powers of cities, the duties of public officials, the lack of binding effect of transactions with municipal bodies and particularly, the lack of statutory authority to "trade" or "exchange" property. It cites various statutes of the State of Indiana which it suggests has direct effect upon the matter now before this Court and relies upon the provisions of the Acts of 1919, chap. 144, Sec. 14, p. 639, the same being in Burns' Ind. Stat. Anno. 1963 Repl. § 48-5514. However, we are not impressed with the binding effect which this section of our statutes has upon the transaction now before us when con-

sidered in the light of other statutory provisions, such as § 8 of the same Act, as thereafter amended, the same being contained in said Burns' § 48-5508, as well as the general legislative authority vested in the common councils of cities under the Acts of 1905, ch. 129, § 47, p. 219 and particularly the fiftieth paragraph of § 53, the same being contained in said Burns' § 48-1407(50). The pertinent part of said section is as follows:

"Provided, That no such property shall be sold until the same has been appraised by three (3) disinterested freehlders of such city appointed by the judge of the circuit court in the county in which such city is located; and no sale or conveyance of any such property shall be made for a less sum than such appraisement, and, in the case of real estate, only by a two-thirds vote of the common council; such conveyance shall be by the mayor, in the name of the city, attested by the city clerk and with the seal of the city."

Under Burns' § 48-5508, it is provided:

"If such a board of park commissioners in any city of the first class (amended to include the City of Fort Wayne) should wish to sell any part of the park lands now owned by such city or that may hereafter be acquired, it is hereby authorized to prepare an ordinance authorizing such sale and submit the same to the city council. If the council shall pass such ordinance, such lands shall be sold as other lands of the city are sold, and the proceeds of such sale shall be credited to the department of public parks and expended in the improvement of the remaining park lands or in the purchase of other lands for park purposes, as such board may deem for the best interests of the city."

Appellant, through its officers, asserts that its own propositions for cash purchase, or its purchase for cash and other real estate, amounted to an infringement upon the discretionary powers both of the members of the Board of Park Commissioners and of the members of the City Council of Fort Wayne. In other words, Appellant concedes that Appellee had the discretionary powers and authority which it exercised. It is obvious that the City owned a tract of land dedicated to

park purposes, which did not exactly suit the officials, and, that they entered into negotiations for the purpose of bettering or improving the park facilities, concerning which said officials have wide discretion. It is not enough to say that the sale of the tract for $350,000.00 in cash represented a greater consideration than the one which was accepted, the same entailing a substantial cash sum as well as well as the acquisition of a tract of 70 acres in lieu of the 84.40 acre tract.

We consider it rather strange that Appellant would ask us to approve its proposal and to reject the transaction completed with Appellee, Southtown Mall, Inc., where "exchange," as it terms it, of real estate was proposed.

The Board of Park Commissioners proposed and the City Council members, under the statutes of the State of Indiana, approved the transaction of the sale of real estate under the jurisdiction of the Board of Park Commissioners.

We see no reason to lengthen this opinion by the citation of authorities on particular points of law which really do not have application to the facts before us, considered in light of the discretionary powers vested not only in the Board of Park Commissioners, but the City Council, the judge who appointed the appraisers and the trial court.

Several other objections and asserted errors are presented by Appellant, such as the arrangement for the payment of a commission and the payment of the cash purchase price to the City's General Fund instead of to or for the account of the Board of Park Commissioners. We have considered Appellant's various contentions and, like the one respecting the payment of the cash purchase price, they have no bearing on or application to the present appeal. If the cash purchase price was erroneously paid into the General Fund, it does not appear that it thereafter was not corrected; and if it were not corrected and needed such, we cannot perceive how it could have an adverse effect upon the transaction before us. Such defect, if any, might be of concern to the State Board

of Accounts. Furthermore, the Appellant in oral argument admitted that it was not contending there was any fraud in this matter.

Judgment affirmed.

Hunter, C. J., Jackson, Lewis and Arterburn, JJ., concur.

NOTE.—Reported in 230 N. E. 2d 102.