Raymond RONK, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 1083S368.

Supreme Court of Indiana.

Nov. 29, 1984.

James A. Greco, Greco, Gouveia, Miller, Pera & Bishop, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

**HUNTER, Justice.**

The defendant, Raymond Ronk, was convicted by a jury of murder, Ind.Code § 35–42–1–1 (Burns 1979 Repl.), and was sentenced to the Indiana Department of Correction for a term of thirty-five years. He now contends that there was not sufficient evidence to support the jury's verdict, and that the trial court should be ordered to enter a verdict of guilty on the lesser included charge of voluntary manslaughter.

A summary of the facts from the record most favorable to the state reveals that defendant and the victim, Rudy Azcona, worked together at U.S. Steel and were considered to be best friends. Around noon, November 29, 1982, the two men went to Patricia Craft's home in Gary. Azcona then went next door to see another friend, Rita Alverez. Alverez testified that Azcona was intoxicated and was carrying a gun when he came to her house. About fifteen minutes later, defendant also came to Alverez's house and he, too, appeared to be intoxicated. Defendant and Azcona laughed and joked together and were playing with the gun.

A few minutes later, Patricia Craft came over from her house and asked defendant and Azcona for some money to buy cigarettes. Defendant pulled out his money and Azcona grabbed a twenty-dollar bill out of his hand. Defendant told Azcona to return the twenty dollars and started yelling at him. The two men started wrestling and at some point defendant grabbed Azcona's gun and told Azcona to give back the money or he would "put him in hell." Then Azcona put his hand out to give the money back and defendant shot him. After Azcona fell to the floor, defendant bent down and took his wallet apparently believing that police would be unable to identify the body without an I.D.

Defendant went out to his truck and gave the gun to Craft. He told her that if "anything comes down be cool." Because the police arrived and blocked the driveway, defendant drove his truck over the lawn and out into the street. The police pursued defendant and the chase ended when defendant's truck struck a guardrail and he was knocked unconscious.

■ Defendant contends that he presented evidence of the mitigating factor of sudden heat which the state failed to rebut and that therefore there was insufficient evidence to sustain his conviction for murder. We review this issue as we do all sufficiency claims; on appeal the reviewing court does not weigh the evidence or judge credibility. We are constrained to consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *McNary v. State*, (1984) Ind., 460 N.E.2d 145; *Tunstall v. State*, (1983) Ind., 451 N.E.2d 1077; *Fielden v. State*, (1982) Ind., 437 N.E.2d 986.

■ It is well settled that both murder and voluntary manslaughter can be proved by evidence of the knowing or intentional killing of another human being and that sudden heat is a mitigating factor in conduct that would otherwise be murder. *Estes v. State*, (1983) Ind., 451 N.E.2d 313; *Palmer v. State*, (1981) Ind., 425 N.E.2d 640; *Begley v. State*, (1981) Ind., 416 N.E.2d 824. When the presence of sudden heat is introduced into the case, the state carries the burden of negating the presence of sudden heat beyond a reasonable doubt. The state may meet this burden by rebutting the defendant's evidence or by affirmatively showing in its case-in-chief that the defendant was not acting in sudden heat when the killing occurred. *Palmer v. State*, 425 N.E.2d at 644–45. Whether or not defendant acted under sudden heat is a question for the jury to resolve. *Estes v. State*, 451 N.E.2d at 314.

In this case, there was evidence that defendant was angry with the victim at the time of the killing because the victim had grabbed some money out of his hand. There was also evidence that defendant and the victim had been laughing and joking together just prior to the incident. However, the state presented evidence that defendant wrestled with the victim, shoved him up against a wall, and stated that he was going to send the victim to hell. He shot the unarmed victim in the chest at point blank range. There was evidence that the victim started to return the money but defendant just repeated that he was going to send him to hell and then shot him.

■ It is well settled that state of mind may be established by the circumstances surrounding the killing and the method of killing. *Begley v. State*, 416 N.E.2d at 827. The jury was aware of all the circumstances surrounding the instant offense including the fact that both defendant and the victim appeared to be intoxicated. The jury was properly instructed on the elements of murder and of voluntary manslaughter and had verdict forms for both offenses. The presence of the sudden heat claim does not mean that the jury was bound to believe the evidence favoring the defendant. The jury was bound to consider all of the evidence including any that negated the presence of sudden heat. There was evidence here from which the jurors could have concluded that the playful grabbing of the twenty-dollar bill was not sufficient provocation to justify defendant's response. *Shackelford v. State*, (1976) 264 Ind. 698, 349 N.E.2d 150. There was sufficient evidence to support the jury's verdict.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.