Rebecca L. SEARS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 485S166.

Supreme Court of Indiana.

July 17, 1986.

Stephen C. Haas, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., and Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Rebecca L. Sears, defendant-appellant, appeals her conviction of murder, Ind.Code § 35-42-1-1(1). Following jury trial she was sentenced to forty (40) years imprisonment. Defendant challenges the sufficiency of the evidence. She argues the evidence only supports a voluntary manslaughter conviction because, she committed the murder in a "sudden heat" after being provoked by the victim. She seeks reversal of her murder conviction or modification of it to voluntary manslaughter.

We affirm.

An otherwise intentional killing of a human being is reduced to voluntary manslaughter when the murderer acts in a "sudden heat," a statutory mitigating factor. Ind.Code § 35-42-1-3. When reviewing a murder conviction to determine sufficiency of the evidence in regard to whether murder or voluntary manslaughter was committed, we treat the issue as we do all sufficiency issues. *Ronk v. State* (1984), Ind., 470 N.E.2d 1337, 1339.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witnesses' credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

Defendant returned to her home on the evening of August 6, 1984, accompanied by her brother, sister, daughter and boyfriend, Harris. They encountered defendant's former boyfriend, McCray, in front of defendant's house. McCray talked to defendant's brother and everyone went into the house where drinking and conversation continued in the kitchen. McCray was not specifically invited into the house, but accompanied the others and was not asked to leave. After approximately one and a half hours, McCray and Harris began to argue. Defendant, whose mother had died one month earlier, was then repeatedly questioned by McCray regarding mistreatment he had received from defendant's parents.

Defendant became upset and began to cry, but McCray continued to question her for about one half hour. Finally she asked him to leave. When he refused, Harris also asked him to leave. McCray hit Harris and defendant told them to fight outside. They went to the front yard and fought. Harris prevailed and McCray started to leave after making attempts to reenter the house to retrieve his hat and drinks. Someone gave him those items.

During this time, defendant was standing in her doorway watching the two men and crying. McCray walked away from the house and Harris; however, he stopped on the sidewalk and began to swear at defendant. Defendant went into the house, where she got a butcher knife, ran back outside and attacked McCray, stabbing him three times. He died from these wounds.

Defendant argues she was provoked by McCray's remarks about her parents, by his abusive language to her, by his fight with Harris, and because McCray had previously threatened to kill her. Approximately one year prior to the crime, McCray threatened to kill defendant and brandished a knife. He was standing a block away from her at the time.

Although defendant repeatedly emphasized McCray swore at her, words standing alone are insufficient provocation to constitute sudden heat. *Fowler v. State* (1985), Ind., 483 N.E.2d 739, *Van Orden v. State* (1984), Ind., 469 N.E.2d 1153. The threat one year earlier was too remote in time to constitute provocation amounting to sudden heat. *McCann v. State* (1984), Ind., 466 N.E.2d 421 (victim had rammed defendant's motorcycle with her car several months prior to the crime). *Burris v. State* (1983), Ind., 444 N.E.2d 1187 (the victim threatened defendant one week prior to the crime). McCray's fight with Harris was sufficiently removed in time or place to constitute sudden heat in respect to defendant. McCray's physical aggressiveness was directed at Harris, not the defendant. The fight had moved away from defendant and was completed before she acted. The level of violence or threat posed by McCray was not deadly. McCray was unarmed. These facts are in marked contrast to *Dickens v. State* (1973), 260 Ind. 284, 295 N.E.2d 613 cited by defendant. In that case, the victim, in rapid succession, seriously assaulted a friend in his wife's presence, broke furniture, threw a jar at his wife, and made a threatening statement as he advanced toward her. She had picked up his gun and she shot him as he advanced.

In the present case, the defendant confessed to the facts involved and only equivocated about her intent to hurt the victim. Her intent can be inferred from the use of a deadly weapon against the unarmed defendant. *Wagner v. State* (1985), Ind., 474 N.E.2d 476. We find that a reasonable trier of fact could conclude beyond a reasonable doubt that the defendant was not in sudden heat but guilty of murder.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.