**Michael Todd ELLIS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 285S69.**

Supreme Court of Indiana.

June 9, 1987.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of Murder. The trial court imposed the presumptive sentence of forty (40) years.

The facts are: On May 5, 1984, at approximately 11:00 p.m., appellant was at Char's Bar at 1446 East Washington Street in Indianapolis. Appellant appeared to be intoxicated and was aggressive. He could not keep his hands off people as they walked by him.

The victim entered the bar, talked briefly with one of the dancers, and then ordered a beer. Appellant approached the victim and made a remark. The victim replied, "[W]hat's wrong with you; are you drunk or something?" The victim stuck out his hand to shake hands with appellant stating, "I thought we were friends." Appellant persisted in his aggressive attitude. The bartender asked them to go outside. As they left, they were followed by appellant's brother, Larry Ellis, and Donnie Hahn.

A fight started between the victim and appellant and also between Larry and Hahn. Hahn had Larry on the ground when he observed the victim running toward the entrance to the bar. He noticed that appellant was pursuing him with a knife. Hahn released Larry telling him that his brother had a knife and that he should stop him. Larry grabbed appellant, but he broke away saying that he was going to get that "S.O.B."

As the victim reached the door of the bar, appellant caught up with him and stabbed him in the stomach and the chest.

As the victim fell to the ground, attempting to protect himself, appellant jumped on him and stabbed him several more times. Appellant then fled the scene. The victim died a short time later due to the various stab wounds, one of which pierced his heart.

Appellant claims the verdict is not supported by evidence beyond a reasonable doubt. He claims that he and the victim were engaged in a fight and that there is no evidence of murder. Appellant contends there was evidence of "sudden heat" which should have reduced the charge to manslaughter. He cites *Ronk v. State* (1984), Ind., 470 N.E.2d 1337, for the proposition that the State has a burden of negating "sudden heat." Under the facts as presented in this case, it was a matter for the jury to determine whether appellant acted under sudden heat in his attack on the victim. *McCann v. State* (1984), Ind., 466 N.E.2d 421.

The evidence in this case is sufficient to support the verdict of the jury. There is ample evidence to show that appellant was the aggressor from the beginning. Although the victim voluntarily went outside to engage in a fight with appellant, he stopped fighting and attempted to flee into the bar. Appellant was even interrupted by his brother, who was attempting to keep him from attacking the victim with a knife. Appellant not only fatally stabbed the victim, but continued to attack him as he lay on the ground.

Appellant also claims the State failed to prove malice. However, malice is not an element of the crime of murder. *Palmer v. State* (1981), Ind., 425 N.E.2d 640.

Appellant claims the sentence imposed is manifestly unreasonable. He claims the trial court failed to consider the following mitigating circumstances which he presented: 1) the crime was the result of circumstances unlikely to recur; 2) the victim facilitated the offense; 3) there were substantial grounds tending to excuse the crime, such as the intoxication of appellant and the nature of the fight; 4) appellant's

criminal record involved mainly misdemeanors connected with alcohol or drugs; 5) appellant's remorse; and 6) the decedent's mother's recommendation that appellant receive the minimum sentence.

This Court will not reverse a sentence unless there is a showing of manifest abuse of the trial court's discretion. *Scruggs v. State*, (1986), Ind., 489 N.E.2d 935.

■ In the case at bar, the trial court conducted a full hearing before imposing the sentence. The forty (40) year sentence imposed is the presumptive sentence provided by Ind.Code § 35–50–2–3. Although the trial court heard evidence presented by appellant concerning alleged mitigating circumstances, the court was not bound to attach great weight to such evidence. *Johnson v. State* (1983), Ind., 447 N.E.2d 1072. The record in this case clearly supports the trial court's imposition of a basic sentence.

■ Appellant claims he was denied the right to a fair trial and due process of law. He first contends the trial court erred in failing to instruct the jury that voluntary intoxication is a defense in a murder case. Appellant also claims the court erred in refusing to grant trial counsel a continuance. Counsel had entered his appearance on August 8, 1984, and moved for a continuance on August 23, 1984, which was denied by the trial court. The two-day jury trial commenced on August 29, 1984. Appellant claims he was thus not given adequate time to prepare.

He further points out that shortly before the trial began, the case of *Terry v. State* (1984), Ind., 465 N.E.2d 1085, appeared in the advance sheet. This case held that Ind.Code § 35–41–3–5(b) was void and of no effect. This section provides that:

"Voluntary intoxication is a defense only to the extent that it negates an element of an offense referred to by the phrase 'with intent to' or 'with an intention to.'" *Id.* at 1087.

In *Terry*, this language in the statute was held to be ineffective inasmuch as any mental condition including intoxication is available to show that appellant did not have the ability to form the intent to commit the crime. In the case at bar, appellant did not pursue a defense of inability to form intent. Rather, he pursued the more likely defense under the circumstances of "sudden heat." There is nothing in this record to indicate that any continuance granted by the trial court would have effected a change in the theory of the defense. As was pointed out by this Court in *Terry*:

"The potential of this defense should not be confused with the reality of the situation. It is difficult to envision a finding of not guilty by reason of intoxication when the acts committed require a significant degree of physical or intellectual skills. As a general proposition, a defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill." *Id.* at 1088.

Under the facts with which defense counsel was dealing in this case, it is difficult to perceive how he could have successfully presented a defense of lack of *mens rea* on behalf of appellant.

■ Appellant also claims he was denied the right to effective assistance of counsel. Here he reiterates his claim that a defense of voluntary intoxication should have been raised. He also claims his counsel failed to properly cross-examine witnesses. He raises a number of questions as to the tactics of counsel in the conduct of the trial. We see nothing in this record which violates the standard for attorney performance set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result.