**Dennis ROARK, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 45S00–9004–CR–260.**

Supreme Court of Indiana.

June 21, 1991.

Albert Marshall, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Dennis Roark was found guilty by a jury of murdering his girl-

friend, their two small children, and the girlfriend's mother. The court sentenced him to death. On direct appeal, he presents four issues, one of which we find dispositive: Did the trial court commit reversible error by failing to instruct the jury on the issue of sudden heat?

At trial, defense counsel tendered the following instruction:

The term "sudden heat" means an excited mind. It is a condition that may be created by strong emotion such as anger, rage, sudden resentment or jealousy. It may be strong enough to obscure the reason of an ordinary person and prevent deliberation and meditation. It can render a person incapable of rational thought.

Record at 199. The court denied the tender on grounds the instruction was not "appropriate." Record at 1307.

The sudden heat instruction tendered by the defense is usually part of a larger set of instructions on voluntary manslaughter, Ind.Code § 35–42–1–3 (West 1986), which is a lesser included offense to murder. *Russell v. State* (1981), 275 Ind. 679, 419 N.E.2d 973. The trial court did not instruct the jury on voluntary manslaughter.

■ To determine whether a trial court erred in refusing to instruct on a lesser included offense we inquire first whether the language of the statute and the charging instrument necessarily include the lesser offense in the greater. Second, we determine whether "a serious evidentiary dispute exists respecting the element that distinguishes the greater from the lesser offense." *Ingram v. State* (1989), Ind., 547 N.E.2d 823, 830. Voluntary manslaughter is distinguished from murder by the presence of sudden heat, which serves as a mitigating factor. Ind. Code § 35–42–1–3(b) (West 1986). Error in a particular instruction will justify reversal if the error is of such a nature that the whole charge misleads the jury as to the law of the case. *Grossenbacher v. State* (1984), Ind., 468 N.E.2d 1056.

■ An instruction on voluntary manslaughter is supported if there exists evidence of sufficient provocation to induce passion that renders the reasonable person incapable of cool reflection. *Fox v. State* (1987), Ind., 506 N.E.2d 1090. We have repeatedly held that any appreciable evidence of sudden heat justifies an instruction on voluntary manslaughter. *Underwood v. State* (1989), Ind., 535 N.E.2d 118, 120 (citing *Finch v. State* (1987), Ind., 510 N.E.2d 673; *Wright v. State* (1985), Ind., 474 N.E.2d 89; and *Palmer v. State* (1981), Ind., 425 N.E.2d 640).

■ Here, the evidence warrants such an instruction. The defendant's statement to the police, made a few hours after the killings, was admitted at trial. According to this statement, Roark, who lived with the four victims, killed them in the early morning hours of February 3, 1989, after returning home from a night of drinking. He arrived home around 5 a.m. and spoke with his girlfriend. She warned him that her mother would be angry that he had been out all night. Roark decided to leave rather than face the mother. The girlfriend opted to leave with him and take the children with her. Before they could leave, the mother got a knife from the kitchen and grabbed the defendant's twenty month old son. The mother said that she would kill herself if they left. She then moved toward the defendant in a striking manner. Roark wrestled the knife away from the mother while the girlfriend grabbed the son. The defendant then stabbed the mother, his girlfriend, and both children, and fled the house.

Moreover, in testifying about the defendant's mental state, one of the court-appointed psychiatrists said, "probably there was some conflict which went on with that lady who died in this whole thing, that, and I think that partially became the kind of issue that he couldn't control his revenge, his anger...." Record at 1120 (testimony of Dr. Mohammad Arshad). The other court-appointed psychiatrist offered the following testimony in response to questions put to him by defense counsel:

Q: Doctor, I'm not a psychiatrist. I have had no psychiatric training, but I am familiar with the concept called

"losing it." Everyone once in a while—we kind of "lose it." We do something so out of character for us or anyone else and we wonder—are you familiar with the concept of "losing it?"

A: I have heard that term, yes.

Q: Is there a psychiatric basis in that layman's term?

A: For a temporary loss of control, yes.

Record at 1171 (testimony of Dr. Myron Berkson).

The State argues this evidence is not sufficient to warrant an instruction on voluntary manslaughter either because the mother's act was not sufficiently provocative or because it was interrupted when the defendant disarmed her and his girlfriend pulled the child away. We disagree.

Roark's version of the facts in this case is similar to the version told by the defendant in *Bryan v. State* (1983), Ind., 450 N.E.2d 53. In *Bryan*, the defendant testified he killed his ex-wife after she threatened to take their children and leave the state. According to the defendant, while they were arguing the victim grabbed a baseball bat and threatened to "knock [his] brains out." He wrestled the bat away from her and then strangled her with a piece of wire he had in his pocket. *Id.* at 56–57. Although the jury convicted Bryan of murder, it was instructed on voluntary manslaughter. Record at 1016–17, 1019–20, *Bryan*. The jury in this case was not so instructed, despite the evidence of provocation. Moreover, unlike the right to self-defense, which evaporates once the danger has passed, sudden heat can survive for a while beyond the act of provocation. *Compare Jester v. State* (1990), Ind., 551 N.E.2d 840, 843–44 (defendant convicted of voluntary manslaughter could not claim right to self-defense when facts showed victim, although instigator of barroom fight, had expressed a desire to quit and had tried to flee), *with Warren v. State* (1963), 243 Ind. 508, 188 N.E.2d 108 (evidence of "cooling-off" sufficient to disprove husband's claim he killed his wife in sudden heat over her infidelity where evidence showed he first learned she was cheating on him years before he killed her). *See also Sears v. State* (1986), Ind., 494 N.E.2d 1286 (reviewing cases on sufficiency of the evidence and cooling-off periods).

Though counsel on appeal presents the issue as failure to instruct on sudden heat, the real issue is failure to instruct the jury on voluntary manslaughter. Without the manslaughter instruction, the whole charge to the jury was misleading because it presented the jury with only two options—convict of murder or acquit.

Defense counsel tendered only an instruction defining "sudden heat," without proposing an instruction on voluntary manslaughter. The State thus argues Roark has waived any error resulting from the court's failure to instruct on manslaughter. For a variety of reasons we decline to resolve this appeal on the basis of waiver. The effectiveness of Roark's trial counsel is implicated by counsel's failure to tender a complete instruction on voluntary manslaughter. *Cf. Palmer v. State* (1990), Ind., 563 N.E.2d 601, 605 (DeBruler, J., dissenting, with Dickson, J., joining) (arguing that trial counsel rendered ineffective assistance by failing to ensure a jury instruction on voluntary manslaughter contained a legally correct statement of the law). Moreover, Roark's appellate counsel chose to challenge refusal of the sudden heat instruction without mentioning voluntary manslaughter. Standing by itself, the sudden heat instruction has little value. Counsel apparently overlooked the opportunity to amend the motion to correct errors and challenge the effectiveness of trial counsel in tendering an incomplete set of instructions on the lesser included offense.

The post-conviction process would provide the occasion to consider these actions by trial and appellate counsel. Because this is a capital case, because Roark was entitled to instructions on voluntary manslaughter and sudden heat, and because of the apparent inadequacy of counsel's performance at trial and on appeal, we think judicial economy warrants treating the error as adequately preserved.

Having decided the defendant is entitled to a new trial on the basis of the first issue

raised on appeal, we do not reach the other three issues. We vacate the defendant's convictions and remand for a new trial.

DeBRULER, GIVAN, DICKSON and KRAHULIK, JJ., concur.