51 F.3d 276
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David SARWACINSKI, Petitioner-Appellant,
v.
Daniel R. McBRIDE, Respondent-Appellee.
 No. 93-2814.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 28, 1995.
Decided March 21, 1995.
 
 Before BAUER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 David Sarwacinski, a prisoner in Indiana who was convicted of murder, appeals the district court's denial of his petition[1] for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254.[2] He claims that his trial counsel, Ihor Alexander Woloshansky, rendered ineffective assistance that deprived him of a fair trial by failing to inform him of the potential lesser included offense of voluntary manslaughter, Ind.Code Sec. 35-42-1-3, and by failing to request a jury instruction for that offense. The State contends that Sarwacinski has procedurally defaulted on his ineffective assistance of counsel claim and that his petition lacks merit. We affirm.
 
 
 2
 Sarwacinski was convicted of murdering Robert Eisenhutt, who was a drunken guest at a social gathering of Sarwacinski's family and friends. He shot Eisenhutt after Eisenhutt refused to leave despite the protests and actions of Sarwacinski and others. Sarwacinski received the minimum sentence for murder of thirty years. Ind.Code Secs. 35-42-1-1 & 35-50-2-3 (1987). According to Woloshansky, he and his client had sought an acquittal at trial from the beginning and did not engage in any plea negotiations, which would have required Sarwacinski to spend time in prison. At trial, Sarwacinski pursued a theory of self-defense, and the trial court instructed the jury on that defense. However, Sarwacinski claims that he was denied effective assistance of counsel because he was never consulted about the option of a voluntary manslaughter charge. The district court found that Sarwacinski had been consulted about this option and denied his petition.
 
 
 3
 In reviewing the denial of a petition for habeas corpus under Sec. 2254, "[w]e extend great deference to the district court's findings of fact and review them under a clearly erroneous standard.... We subject the district court's findings of law and mixed findings of law and fact to de novo review." Griffin v. Camp, 40 F.3d 170, 172 (7th Cir.1994) (citations omitted). "Under 28 U.S.C. Sec. 2254(d), we presume that state court findings of fact are correct if the findings are made after a hearing on the merits, and are fairly supported by the record." Hockett v. Duckworth, 999 F.2d 1160, 1165 (7th Cir.1993) (citations omitted). State determinations of "questions of law and mixed questions of law and fact are not entitled to the presumption of correctness," and legal questions, such as the state court's ultimate conclusion as to the effectiveness of counsel, are reviewed under a de novo standard of review. Id.
 
 
 4
 After an evidentiary hearing, the district court credited Woloshansky's testimony over the testimony of Sarwacinski and his two brothers. Woloshansky admitted that before trial he had not considered a second alternative defense of voluntary manslaughter and had probably not discussed the option with Sarwacinski. However, the evidence adduced at trial was not as favorable as expected. After the close of evidence, Woloshansky advised Sarwacinski in the presence of his two brothers of the lesser included offense of voluntary manslaughter. He told them that if "we requested a lesser included [offense instruction], that's the instruction that would be given and that's the verdict that would be returned," and that requesting the instruction "would practically eliminate a not guilty verdict in my opinion." (Hr'g Tr. at 42.) The district court found that Sarwacinski then made the informed choice to pursue an all-or-nothing strategy. After reviewing the hearing testimony of Sarwacinski and his two brothers, who denied that any such conversation occurred, we find that the district court's findings are not clearly erroneous.
 
 
 5
 The State claims that Sarwacinski has procedurally defaulted. In his habeas corpus petition, Sarwacinski incorporated his state appellate brief by reference. Thus he claimed the failure to submit a voluntary manslaughter instruction. In response to the court's order, he added that his trial counsel rendered ineffective assistance by failing to consider the option of a voluntary manslaughter charge and by failing to consult him from the beginning. The State contends that the failure to consult claim in Sarwacinski's petition constitutes a materially different claim from his original claim of failure to submit jury instructions, and therefore that he has procedurally defaulted by failing to raise the latter claim before the state courts. See Cruz v. Warden of Dwight Correctional Center, 907 F.2d 665, 668 (7th Cir.1990) (holding that failure to make two specific motions at suppression hearing constituted materially different claim from failure to prepare for trial, which caused counsel to fail to make these motions, and thus petitioner failed to exhaust state remedies on latter claim). Although the State treats the failure to consult as the sole claim, the supplemental information requested by the district court did not eliminate the original failure to submit an instruction claim, which Sarwacinski properly raised before the state courts.
 
 
 6
 Sarwacinski has also not procedurally defaulted with respect to the failure to consult claim because the Indiana Court of Appeals ruled on this aspect of Woloshansky's alleged ineffectiveness. The court of appeals affirmed his conviction in a plurality opinion. Sarwacinski v. Indiana, 564 N.E.2d 950, 952 (Ind.Ct.App.1991). The court treated the omission of voluntary manslaughter as a general strategic decision made by counsel to avoid undercutting the self-defense theory. Id. at 951. Judge Miller, dissenting, inferred from the absence of evidence in the record to the contrary that Woloshansky had rendered ineffective assistance by deciding not to pursue a voluntary manslaughter charge without consulting Sarwacinski. Id. at 956 (Miller, J., dissenting). Although it did not refer to the duty to consult, the court of appeals rejected Judge Miller's suggestion that attorneys should record all attorney client meetings to document consultation as both impractical and a danger to attorney-client privacy. Id. at 951 n. 1; see id. at 956 n. 2 (Miller, J., dissenting). In his petition for transfer to the state supreme court, which was denied without opinion, Sarwacinski cited both the failure to submit a jury instruction on voluntary manslaughter and, quoting Judge Miller, the failure to consult.
 
 
 7
 Even if Sarwacinski himself may not have fairly presented both the operative facts and controlling legal principles concerning the failure to consult claim, see Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir.1992), "a state court's decision to raise and answer a constitutional question sua sponte will also permit subsequent federal habeas review." Cooper v. Wainwright, 807 F.2d 881, 887 (11th Cir.1986), cert. denied, 481 U.S. 1050 (1987).[3] Because the Indiana Court of Appeals addressed this issue sua sponte, we need not consider "[w]hether petitioner's claim was specific enough to have been fairly presented to the [state court]...." Cooper, 807 F.2d at 887 n. 14. Sarwacinski has not procedurally defaulted on this claim.
 
 
 8
 Sarwacinski bears a heavy burden in proving his ineffective assistance of counsel claims. Hockett, 999 F.2d at 1165. Under Strickland v. Washington, 466 U.S. 668, 688, 694 (1984), he must meet both the performance prong, which requires him to show that his "counsel's representation fell below an objective standard of reasonableness," and the prejudice prong, under which he must demonstrate that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."
 
 
 9
 Without considering the alleged failure to advise Sarwacinski from the outset, Woloshansky's decision not to submit a voluntary manslaughter charge, which he made with the express approval of his client, does not constitute ineffective assistance under the performance prong of Strickland. Although in United States ex rel. Barnard v. Lane, 819 F.2d 798, 803 (7th Cir.1987), we held that an attorney rendered ineffective assistance by choosing to submit neither self-defense nor voluntary manslaughter instructions in an all-or-nothing gamble, Sarwacinski's case is not one in which "[t]his all-or-nothing approach .. left [the defendant] with no defense at all." See Kubat v. Thieret, 867 F.2d 351, 365 n. 9 (7th Cir.) (distinguishing Barnard on grounds that failure to tender instruction on unlawful restraint did not leave defendant without defense because he pursued alibi defense), cert. denied, 493 U.S. 874 (1989); United States ex rel. Sumner v. Washington, 840 F.Supp. 562, 574 (N.D.Ill.1993) (distinguishing Barnard from case where defendant pursued justification defense). In this case, Sarwacinski pursued the defense of self-defense. Since the opportunity for a compromise verdict could increase the chances of his conviction, albeit for a lesser term, the decision to avoid it was a reasonable tactic. "Where a defendant, fully informed of the reasonable options before him, agrees to follow a particular strategy at trial, that strategy cannot later form the basis of a claim of ineffective assistance of counsel." United States v. Weaver, 882 F.2d 1128, 1140 (7th Cir.) (citation omitted), cert. denied, 493 U.S. 968 (1989); see Davis v. Greer, 13 F.3d 1134, 1139-40 (7th Cir.), cert. denied, 115 S.Ct. 328 (1994) (denying petitioner's ineffective assistance of counsel claim for failure to introduce certain mitigating evidence to jury in death penalty sentencing hearing because petitioner himself told attorney not to introduce it after being fully informed of his options).
 
 
 10
 Sarwacinski also claims that Woloshansky deprived him of effective assistance of counsel by failing to advise him of this option from the outset. In Strickland, 466 U.S. at 688, the Supreme Court stated that attorneys have "the more particular duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." However, even assuming that his performance was constitutionally deficient in this respect, Sarwacinski has not demonstrated sufficient prejudice.
 
 
 11
 Sarwacinski claims that he was prejudiced by the failure to consult him about voluntary manslaughter from the beginning because he could have planned accordingly and given fuller responses concerning the element of "sudden heat." Under Indiana law, "[s]udden heat requires 'sufficient provocation to engender ... passion.' ... Sufficient provocation is demonstrated by 'anger, rage, sudden resentment, or terror that is sufficient to obscure the reason of an ordinary person, prevent deliberation and premeditation, and render the defendant incapable of cool reflection." Griffin v. Indiana, 644 N.E.2d 561, 562 (Ind.1994) (quoting Johnson v. Indiana, 518 N.E.2d 1073, 1077 (Ind.1988)). However, evidence of anger alone does not support a voluntary manslaughter instruction, and mere words cannot constitute sufficient provocation. Matheney v. Indiana, 583 N.E.2d 1202, 1205 (Ind.1992) (citation omitted).
 
 
 12
 When Sarwacinski's attorney consulted him, he was not faced with an evidentiary fait accompli that would prevent him from obtaining a voluntary manslaughter instruction. "The standard for determining whether an instruction on voluntary manslaughter is proper is not a high one: the instruction is justified if there is 'any appreciable evidence of sudden heat.' " Griffin, 644 N.E.2d at 562 (quoting Roark v. Indiana, 573 N.E.2d 881, 882 (Ind.1991)). As Judge Miller pointed out in his dissenting opinion, the trial court judge found at sentencing that Sarwacinski acted under "strong provocation,' "[4] which indicates that "had the defense counsel requested an instruction on voluntary manslaughter, the trial court would have been required to give it." Sarwacinski, 564 N.E.2d at 954 (Miller, J., dissenting).
 
 
 13
 Apart from generally asserting that he could have given better answers than he already gave for his claim of self-defense, which seems a dubious proposition in this case, he has not specifically indicated what evidence he would have adduced to further substantiate "sudden heat." Furthermore, Woloshansky told him that he would almost certainly receive a voluntary manslaughter conviction if he submitted an instruction--by jury compromise, if not on the merits. Since Sarwacinski himself rejected this viable alternative of voluntary manslaughter in an all-or-nothing gamble and since he has not shown that this alleged unreasonable failure to consult detrimentally affected his defense otherwise, he has failed to meet Strickland 's prejudice prong by proving that a substantial probability exists that the outcome of the trial would have been different.
 
 
 14
 Sarwacinski was not deprived of the effective assistance of counsel in violation of the Sixth Amendment, and therefore the denial of his petition for habeas corpus relief is
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 In response to an order by the district court requesting elaboration on certain specified issues, Sarwacinski filed an Amended Habeas Corpus Petition that in effect incorporated by reference the original petition it supplemented. Although the district court addressed both petitions simultaneously, we will treat them as a single petition
 
 
 [2]
 Although his counsel incorrectly cites 28 U.S.C. Sec. 2255, his petitions cite Sec. 2254
 
 
 [3]
 See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("State procedural bars are not immortal.... If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal court review that might otherwise have been available."); Walton v. Caspari, 916 F.2d 1352, 1356-57 (8th Cir.1990) (holding that even assuming petitioner had expressly disavowed reliance on Sixth Amendment as well as Fourteenth Amendment, since state court of appeals actually rejected claim on both grounds sua sponte, he had exhausted his state remedies), cert. denied, 499 U.S. 931 (1991); cf. Varnell v. Young, 839 F.2d 1245, 1248 (7th Cir.1988) (dismissing petition for failure to exhaust where state court held that claim raised for the first time on appeal was not waived, but expressly declined to rule on merits)
 
 
 [4]
 The trial court found mitigating circumstances because, among other reasons, "the victim of the crime either induced or facilitated the offense; there is substantial grounds tending to excuse or justify the crime though failing to establish the defense and the defendant acted under strong provocation...." (Trial R. at 47.)